pursue his appeal.[10]  Moreover, in light of the contractual language that affords the Association representative status solely at the employee's behest, we can discern no basis of record for depriving Kozura of his ability to reject union representation when faced with an adverse arbitration that the Association had no intention of appealing.  *Cf. AFSCME, Council 15 v. City of Bridgeport*, 21 Conn.App. 28, 571 A.2d 127, 128 n. 1 (1990) (holding that an employee may appeal an arbitration award where the collective bargaining agreement gives employees the personal right to seek arbitration); *Diaz v. Pilgrim State Psychiatric Ctr.*, 62 N.Y.2d 693, 476 N.Y.S.2d 525, 465 N.E.2d 32 (1997)(same).

The order of the Commonwealth Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Former Chief Justice FLAHERTY did not participate in the decision of this case.

791 A.2d 1176

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**FUNDS IN MERRILL LYNCH ACCOUNT, Owned By Rennick Peart Nos. 870–56483 and 870–67056; Funds in Corestates Bank Account, Owned by Rennick Peart No. 20608485; Funds in Fidelity Bank Corp. Owned by Rennick Peart and S And S Records, Inc., No. 307827; Funds in Germantown Bank, Owned by Rennick Peart, No. 30–907735; $1338.00; U.S. Currency**

10.  Notably, Article XIX(B)(7) allows the Association to submit grievances where they affect a group or class of employees.  In those instances, the Association could be viewed as the party having an interest in enforcing the provision of the agreement to which it was a signatory.

Seized From Rennick Peart and Listed in PR #510589; $10,283.00; U.S. Currency Seized From Rennick Peart and Listed On PR #10591; Miscellaneous Jewelry Seized from Rennick Peart and Listed On PR #510593; Real Property and Improvements Known as 5703 Chester Ave, ex rel Rennick Peart; Rennick Peart, Appellant.

Supreme Court of Pennsylvania.

March 21, 2002.

## ORDER

PER CURIAM:

**AND NOW,** This 21st day of March 2002 the appeals are **DISMISSED** as having been improvidently granted.

791 A.2d 1176

Barbara J. ERNSBERGER, Appellant

v.

ALLEGHENY 2000 CITIZENS COMMITTEE, INC., Brabender Cox Political Inc., David Matter, John Brabender, John Verbanac and James Turner, Appellees.

Supreme Court of Pennsylvania.

Argued March 4, 2002.

Decided March 22, 2002.